UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNIE WHITBY,

          Petitioner,          Case No. 1:21-cv-11362

v.          Honorable Thomas L. Ludington
          United States District Judge

FREDEANE ARTIS, warden,[1]

          Respondent.
_____/

**OPINION AND ORDER DIRECTING CLERK OF COURT TO TRANSFER PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND REQUEST FOR ADDITIONAL TIME TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On July 24, 2024, this Court denied Petitioner Kennie Whitby's Petition for Writ of Habeas Corups. ECF No. 22. In so doing, this Court expressly denied Petitioner leave to proceed *in forma pauperis* on appeal, and declined to issue a certificate of appealability, concluding:

> Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted). In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal in forma pauperis because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[1] The proper respondent in a habeas case is the Petitioner's custodian, that is, the warden of the facility where the Petitioner is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a) foll. 28 U.S.C. § 2254. Although Petitioner's Habeas Petition listed Noah Nagy as the Respondent, ECF No. 1 at PageID.1, the current Warden of the Thumb Correctional Facility is Fredeane Artis. *Thumb Correctional Facility (TCF)*, MICH. DEP'T OF CORR. https://www.michigan.gov/corrections/prisons/thumb-correctional-facility (last visited Aug. 14, 2024) [https://perma.cc/7DTZ-57LE].

*Id.* at PageID.3744.

Despite this holding, on August 13, 2024, Petitioner simultaneously filed (1) notice of his appeal to the United States Sixth Circuit Court of Appeals, ECF No. 25, (2) a "request" for additional time to appeal, notably, "without prepayment fees and cost," ECF No. 24, and (3) a motion seeking a certificate of appealability, ECF No. 27.

This Court does not have jurisdiction to consider Petitioner's request and Motion.

Beginning with Petitioner's request for additional time to appeal *in forma pauperis*, ECF No. 24, a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Accordingly, Petitioner's Notice of Appeal. ECF No. 25, divests this Court of jurisdiction to consider his request for an extension, such that Petitioner's request "may only be addressed by the Sixth Circuit."[2] *Hayes v. Horton*, 606 F. Supp. 3d 676, 678 (E.D. Mich. 2022).

Petitioner's Motion for a Certificate of Appealability, ECF No. 27, will be similarly transferred. "When a district court denies a certificate of appealability, the proper procedure for petitioners is to file a motion for a certificate of appealability in the appellate court with their appeal of the order or judgment that they are appealing. Petitioner should, therefore, direct his request for a certificate of appealability to the Sixth Circuit. This Court, in the interests of justice, will order that Petitioner's Motion for a Certificate of Appealability be transferred to the United

---

[2] Additionally, it seems Petitioner's request for additional time to appeal is moot because Petitioner timely filed notice of his appeal within 30 days of this Court's denial. *Steele v. Supreme Ct. of U.S.*, 255 F. App'x 534 (D.C. Cir. 2007) ("As appellant's notice of appeal was timely, appellant's request for an extension of time to appeal was moot.").

- 3 -

States Court of Appeals for the Sixth Circuit[.]" *Hayes v. Horton*, 606 F. Supp. 3d 676, 678 (E.D. Mich. 2022) (citing *Sims v. United States*, 244 F. 3d 509 (6th Cir. 2001) and FED. R. APP. P. 22(b)(1)).

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED TO TRANSFER** Petitioner's Request, ECF No. 24, and Motion for Certificate of Appealability, ECF No. 27, to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: August 16, 2024    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge